1
 2026 CO 9 Rebeca Hinds, Petitioner: v. Corrine Foreman, Respondent: No. 24SC698Supreme Court of Colorado, En BancFebruary 2, 2026
          ADVANCE
 SHEET HEADNOTE
 
 
          This
 case requires the supreme court to determine whether a final
 judgment granting a special motion to dismiss under the
 anti-SLAPP ("strategic lawsuit against public
 participation") statute, § 13-20-1101, C.R.S.
 (2025), may be appealed from a county court to the court of
 appeals.
 
 
          The
 supreme court holds that section 13-20-1101 and section
 13-4-102.2, C.R.S. (2025), are unconstitutional to the extent
 that they authorize the court of appeals to review a
 final judgment of a county court because article VI,
 section 17 of the Colorado Constitution requires that a final
 judgment of the county court be reviewed on appeal either by
 a district court or this court.
 
 
          Thus,
 the court concludes that the court of appeals lacks
 jurisdiction over the petitioner's appeal and accordingly
 remands the case to the division with directions to dismiss
 the appeal.
 
 
           C.A.R.
 50 Certiorari to the Colorado Court of Appeals Court of
 Appeals Case No. 24CA1380
 
 
          
 Attorneys for Petitioner: Ernst Legal Group, LLC Dan Ernst
 Denver, Colorado
 
 
          
 Attorneys for Respondent: JVAM PLLC J. Casey Martin Laurel
 Quinto Quentin H. Morse Buena Vista, Colorado
 
 
           CHIEF
 JUSTICE MARQUEZ, JUSTICE BOATRIGHT, JUSTICE HOOD, JUSTICE
 GABRIEL, and JUSTICE SAMOUR joined.
 
 2
 
          
 OPINION
 
 
          
 BERKENKOTTER, JUSTICE
 
 
          ¶1
 We accepted transfer of this case from the court of appeals
 pursuant to section 13-4-109, C.R.S. (2025); section
 13-4-110(1)(a), C.R.S. (2025); and C.A.R. 50(a)(1)-(3)
 because the issue raised involves matters of substance not
 previously determined by this court. The case requires us to
 determine whether a final judgment granting a special motion
 to dismiss under the anti-SLAPP ("strategic lawsuit
 against public participation") statute, §
 13-20-1101, C.R.S. (2025), may be appealed from a county
 court to the court of appeals.[1] We conclude that the statutes
 authorizing such an appeal, section 13-20-1101 and section
 13-4-102.2, C.R.S. (2025), are unconstitutional to the extent
 that they authorize the court of appeals to review a
 final judgment of a county court. This is because
 article VI, section 17 of the Colorado Constitution
 explicitly requires that a final judgment of a county court
 be reviewed on appeal by this court or the district court.
 
 3
 
          ¶2
 Thus, we conclude that the court of appeals lacks
 jurisdiction over Rebeca Hinds's ("Hinds")
 appeal. We, accordingly, remand the case to the division with
 directions to dismiss the appeal. Because Hinds could not
 have reasonably anticipated that her appeal should have been
 filed in the district court, her request for leave to file
 out of time is granted.
 
 
          I.
 Facts and Procedural History
 
 
          ¶3
 In March of 2022, Hinds requested a temporary protection
 order ("TPO") against her boyfriend J.F. As grounds
 for the TPO, Hinds alleged that J.F. put bleach in the
 humidifiers in their home despite knowing that she was
 severely allergic to bleach. This, according to Hinds, caused
 her serious injury and required her to seek medical
 treatment. Hinds also testified that she was terrified J.F.
 would find "some other way to 'accidentally'
 kill or incapacitate" her.
 
 
          ¶4
 Officer Mitchell subsequently began investigating Hinds's
 allegations and "had concerns about the veracity of her
 reports." As part of his investigation, Officer Mitchell
 sought out witnesses, including Corrine Foreman
 ("Foreman"), who stated in an affidavit
 
 
 that, around December 2021, . . . Ms. Hinds expressed . . .
 she was having relationship problems with her boyfriend
 [J.F.], [Hinds] was tired of him, and . . . would fabricate
 or make up a domestic violence allegation to get [J.F.] to
 leave or get him removed from the house.
 
 
          ¶5
 Foreman indicated that she made this statement to law
 enforcement to the best of her knowledge and recollection and
 did not seek out law enforcement.
 
 4
 
 Hinds was charged with one count of false reporting to
 authorities, a class 2 misdemeanor, pursuant to section
 18-8-111(1)(a)(III), (b), C.R.S. (2025). Seven months later,
 the charge was dismissed. Hinds then filed a civil complaint
 against Foreman in county court alleging that Foreman
 "made knowingly false and defamatory statements" by
 accusing Hinds of "criminal conduct for which she was
 charged." And, though Hinds acknowledged that the
 criminal charge against her was dismissed, she claimed that
 she "had to endure and incur the intended humiliation,
 economic damages[,] . . . [and] non-economic damages to her
 well-being, health and welfare, as well as cost[s] and fees
 of litigation."
 
 
          ¶6
 In response to the complaint, Foreman filed a special motion
 to dismiss arguing that her statements to Officer Mitchell
 were protected by the anti-SLAPP statute.[2]
 
 5
 
          ¶7
 First, the county court agreed that Foreman's speech fell
 under the protection of the anti-SLAPP statute because the
 claims against her arose from acts "in furtherance of
 [her] right of . . . free speech . . . in connection with a
 public issue." § 13-20-1101(3)(a). Foreman's
 speech, in the court's view, constituted a "written
 or oral statement . . . made before a legislative, executive,
 or judicial proceeding or any other official proceeding
 authorized by law." § 13-20-1101(2)(a)(I).
 
 
          ¶8
 The county court then considered whether Hinds, as the
 plaintiff, established "a reasonable likelihood" of
 success on her claims. § 13-20-1101(3)(a), (c). The
 county court found that Hinds met her burden regarding the
 falsity of Foreman's statements. However, the court
 concluded that Hinds failed to produce "sufficient
 evidence that [Foreman] . . . acted with actual malice"
 because Foreman "was a collateral witness in an overall
 criminal investigation involving" Hinds and J.F.
 Further, Foreman did not ask for criminal charges to be filed
 against Hinds, nor did she give any additional statements
 regarding the investigation. Officer Mitchell, the court
 found, pursued charges against Hinds based on the totality of
 the circumstances.
 
 6
 
          ¶9
 The county court accordingly granted the special motion to
 dismiss and awarded Foreman fees and costs. The court's
 order granting Foreman's special motion to dismiss was a
 final judgment-it dismissed the only issue before
 the court. Hinds then appealed the county court's
 judgment to the court of appeals. See Hinds v.
 Foreman, at 1 (Colo.App. No. 24CA1380, Aug. 16, 2024)
 (unpublished order).
 
 
          ¶10
 The division subsequently flagged a jurisdictional concern.
 The judgment being appealed, it observed, was without doubt a
 final judgment of a county court, since the judgment granted
 the motion to dismiss with prejudice, and thus concluded the
 proceedings. Id. at 2. What's more, the division
 noted, the anti-SLAPP statute, § 13-20-1101(7),
 explicitly confers jurisdiction upon the court of appeals as
 it directs that "an order granting or denying a special
 motion to dismiss is appealable to the . . . court of appeals
 pursuant to section 13-4-102.2." See §
 13-4-102.2 ("The court of appeals has initial
 jurisdiction over appeals from motions to dismiss actions
 involving constitutional rights pursuant to section
 13-20-1101."). But there was a problem. The division
 explained:
 
 
 Generally, the court of appeals does not have jurisdiction to
 review county court cases. This is because [a]rticle VI,
 [s]ection 17 of the Colorado Constitution provides,
 "[a]ppellate review by the supreme court or the district
 courts of every final judgment of the county courts
 shall be as provided by law," (emphasis added), and
 section 13-6-310(1)[, C.R.S. (2025),] provides, in turn,
 "[a]ppeals from final judgments . . . of the county
 court shall be taken to the district court."
 
 7
 
 Hinds, at 1-2 (omission in original) (first quoting
 Colo. Const. art. VI, § 17; and then quoting §
 13-6-310(1)).
 
 
          ¶11
 "So," the division continued, "that raises the
 question whether this appeal should, per the Colorado
 Constitution and section 13-6-310(1), have been filed in the
 district court, rather than in this [c]ourt."
 Hinds, at 2. Ultimately, the division filed a
 request for determination of jurisdiction pursuant to C.A.R.
 50 with this court, which we granted. Having done so, we now
 consider whether a county court's final judgment granting
 a special motion to dismiss under the anti-SLAPP statute may
 be appealed to the court of appeals given that both statutes
 authorizing such an appeal appear to conflict with article
 VI, section 17 of the Colorado Constitution, and section
 13-6-310(1). We conclude that sections 13-20-1101 and
 13-4-102.2 are unconstitutional to the extent that they
 permit the court of appeals to review a final
 judgment of the county court.
 
 
          II.
 Analysis
 
 
          ¶12
 We begin our analysis by identifying the relevant standard of
 review. Then, we explore the tension between the appeals
 authorized by sections 13-20-1101 and 13-4-102.2, on the one
 hand, and the explicit directions regarding county court
 appeals provided in article VI, section 17 of the Colorado
 Constitution, and section 13-6-310(1), on the other. Along
 the way, we also lay out the substantive standard governing
 the review of a legislative act that seeks to limit a
 
 8
 
 constitutional provision and apply that standard to the
 statutes and constitutional provision at issue here.
 
 
          A.
 Standard of Review
 
 
          ¶13
 We review issues of constitutional and statutory
 interpretation de novo. Gessler v. Colo. Common
 Cause, 2014 CO 44, ¶ 7, 327 P.3d 232, 235. In
 interpreting the Colorado Constitution, we afford the
 language "its 'ordinary and common meaning' to
 give 'effect to every word and term contained therein,
 whenever possible.'" People v. Rodriguez,
 112 P.3d 693, 696 (Colo. 2005) (quoting Bd. of Cnty.
 Comm'rs v. Vail Assocs., Inc., 19 P.3d 1263, 1273
 (Colo. 2001)). "If the language of a constitutional
 provision is clear and unambiguous, we will enforce it as
 written." Norton v. Rocky Mountain Planned
 Parenthood, Inc., 2018 CO 3, ¶ 8, 409 P.3d 331,
 334.
 
 
          ¶14
 When interpreting a statute, "we seek to give effect to
 the General Assembly's . . . intent." All. for a
 Safe &Indep. Woodmen Hills v. Campaign Integrity
 Watchdog, LLC, 2019 CO 76, ¶ 21, 450 P.3d 282, 287.
 Similarly, "[w]e read words and phrases in context,
 according them their plain and ordinary meanings. If the
 language is clear, we apply it as written and need not resort
 to other tools of statutory interpretation."
 Id. (citation omitted).
 
 
          B.
 Constitutional Conflict
 
 
          ¶15
 "The [C]onstitution is the supreme law of the state,
 solemnly adopted by the people, which must be observed by all
 departments of government." In re Senate Bill No.
 9,
 
 9
 
 56 P. 173, 174 (Colo. 1899). "Essential to our analysis
 is the principle that Colorado's Constitution" is a
 "'limitation on [the] power [of the General
 Assembly].'" Rodriguez, 112 P.3d at 695
 (quoting Reale v. Bd. of Real Est. Appraisers, 880
 P.2d 1205, 1208 (Colo. 1994)). "If a legislative act
 undertakes to limit the provisions of the Constitution, then
 in a contest, the Constitution survives and the act
 falls." Yenter v. Baker, 248 P.2d 311, 314
 (Colo. 1952) (quoting Barker v. St. Louis Cnty., 104
 S.W.2d 371, 376 (Mo. 1937)). "To declare an act of the
 legislature unconstitutional is always a delicate duty, and
 one which courts do not feel authorized to perform, unless
 the conflict between the law and the [C]onstitution is clear
 and unmistakable." People ex rel. Thomas v.
 Goddard, 7 P. 301, 304 (Colo. 1885); see also Colo.
 Ethics Watch v. Indep. Ethics Comm'n, 2016 CO 21,
 ¶ 14, 369 P.3d 270, 273.
 
 
          ¶16
 Previously, in determining whether a statute conflicts with
 the Constitution, "we have held that 'legislation
 that furthers the purpose of . . . constitutional provisions
 or facilitates their enforcement is permissible.' By
 contrast, 'legislation which directly or indirectly
 impairs, limits[,] or destroys rights granted by . . .
 constitutional provisions is not permissible.'"
 In re Interrogatories on Senate Bill 21-247 Submitted by
 Colo. Gen. Assembly, 2021 CO 37, ¶ 32, 488 P.3d
 1008, 1018 (omissions in original) (citation omitted)
 (quoting Zaner v. City of Brighton, 917 P.2d 280,
 286 (Colo. 1996)) (citing In re Interrogatories
 Propounded by Senate Concerning House Bill 1078,
 
 10
 
 536 P.2d 308, 313 (Colo. 1975) ("The test for the
 existence of a conflict is: Does one authorize what the other
 forbids or forbid what the other authorizes?")).
 
 
          ¶17
 As noted, the constitutional provision at issue here
 provides: "Appellate review by the supreme court or the
 district courts of every final judgment of the county
 courts shall be as provided by law." Colo. Const.
 art. VI, § 17 (emphasis added). "We have
 consistently characterized a final [judgment] as 'one
 that ends the particular action in which it is entered,
 leaving nothing further for the court pronouncing it to do in
 order to completely determine the rights of the parties
 involved in the proceedings.'" People in Int. of
 R.S. v. G.S., 2018 CO 31, ¶ 37, 416 P.3d 905, 914
 (quoting People v. Guatney, 214 P.3d 1049, 1051
 (Colo. 2009)).
 
 
          ¶18
 In this instance, there is no question that the county court
 order being appealed is a final judgment. The only matter
 before the county court was Hinds's defamation claim
 against Foreman-which the court dismissed with prejudice when
 it granted Foreman's special motion to dismiss. The
 county court's dismissal ended the action and
 "le[ft] nothing further for the court . . . to do in
 order to completely determine the rights of the parties
 involved." Id. (quoting Guatney, 214
 P.3d at 1051).
 
 
          ¶19
 Hinds points to sections 13-20-1101(7) and 13-4-102.2 and
 argues that her appeal was properly filed in the court of
 appeals. She is correct up to a point:
 
 11
 
 These statutes explicitly allow such a filing. Section
 13-20-1101(7) provides that "an order granting or
 denying a special motion to dismiss is appealable to the . .
 . court of appeals pursuant to section 13-4-102.2."
 Section 13-4-102.2, in turn, states: "The court of
 appeals has initial jurisdiction over appeals from motions to
 dismiss actions involving constitutional rights pursuant to
 section 13-20-1101."
 
 
          ¶20
 But here there is a direct conflict between these statutory
 provisions and our Constitution's command that only this
 court and district courts may provide appellate review of a
 county court's final judgment. Sections 13-20-1101(7) and
 13-4-102.2, accordingly, authorize what the Colorado
 Constitution forbids. See In re Interrogatories on Senate
 Bill 21-247, ¶ 32, 488 P.3d at 1018 (citing In
 re Interrogatories Propounded by Senate, 536 P.2d at
 313). In the face of this type of conflict, we have
 consistently recognized the obvious: "[T]he Constitution
 survives and the act[s] fall[]." Yenter, 248
 P.2d at 314 (quoting Barker, 104 S.W.2d at 376);
 see also Garcia v. Dist. Ct., 403 P.2d 215, 219
 (Colo. 1965).
 
 
          ¶21
 Our decision in Garcia illustrates the point. There,
 we held that a statute that attempted to "subtract"
 jurisdiction from the district courts by vesting the Denver
 Juvenile Court with exclusive jurisdiction conflicted with
 the Colorado Constitution and thus was unconstitutional.
 Garcia, 403 P.2d at 219. The legislature could not
 constitutionally enact the statute because it conflicted with
 
 12
 
 the part of our Constitution that provides that "the
 [d]istrict [c]ourts of this State . . . shall have original
 jurisdiction in all criminal cases."
 Id.
 
 
          ¶22
 We apply Garcia's underlying reasoning here and
 hold that sections 13-20-1101(7) and 13-4-102.2 are
 unconstitutional to the extent that they permit the court of
 appeals to review a final judgment of the county
 court. See Colo. Const. art. VI, § 17. To the
 extent that the division in VOA Sunset Housing LP v.
 D'Angelo, 2024 COA 61, 555 P.3d 635, suggests that
 the court of appeals may review a final judgment of the
 county court, we overrule that part of the division's
 opinion. In sum, we hold that appellate review of a final
 judgment issued by a county court on an anti-SLAPP special
 motion to dismiss is reserved to the district court and this
 court, consistent with our Constitution.
 
 
          ¶23
 We emphasize, however, that sections 13-20-1101(7) and
 13-4-102.2 may, consistent with Colorado's Constitution,
 allow the court of appeals to review a county court's
 "order granting or denying a special motion to
 dismiss," § 13-20-1101(7), when such an order is
 not a final judgment. That is, the court may
 consider an appeal of an order that does not "end[] the
 particular action in which it is entered, leaving nothing
 further for the court pronouncing it to do in order to
 completely determine the rights of the parties involved in
 the proceedings." G.S., ¶ 37, 416 P.3d at
 914 (quoting Guatney, 214 P.3d at 1051).
 
 13
 
          ¶24
 We recognize that the path we carve here is not an elegant
 solution to the conundrum caused by sections 13-20-1101(7)
 and 13-4-102.2. But the General Assembly's choice to
 authorize a party to appeal this type of order when it does
 not end the particular action in which it is entered
 squares with article VI, section 17 of the Colorado
 Constitution. Ultimately, consideration of a simpler,
 arguably less confusing, appeal process for review of county
 court rulings in this context is a matter best left to the
 legislature, not this court.
 
 
          III.
 Conclusion
 
 
          ¶25
 Having concluded that sections 13-20-1101(7) and 13-4-102.2
 are unconstitutional insofar as they permit the court of
 appeals to review a final judgment of a county
 court, we conclude that the court of appeals lacks
 jurisdiction over Hinds's appeal. Accordingly, we remand
 the case to the division with directions to dismiss the
 appeal. Because Hinds could not reasonably have anticipated
 that her appeal should have been filed in the district court,
 her request for leave to refile her appeal out of time in the
 district court is granted. We decline to address
 Foreman's request for attorney fees as it is not yet
 ripe. See § 13-20-1101(4)(a) ("[A]
 prevailing defendant on a special motion to dismiss is
 entitled to recover the defendant's attorney fees and
 costs.").
 
 
 ---------
 
 
 Notes:
 
 
 [1] We assume for purposes of this
 opinion, without deciding, that the anti-SLAPP statute can
 apply in a county court proceeding. We accepted transfer of
 this case to address the following issue:
 
 
 Whether a county court's grant of a special motion
 to dismiss under sections 13-4-102.2, C.R.S. (2024)[,] and
 13-20-1101[,] C.R.S. (2024)[,] can be appealed to the
 Colorado Court of Appeals given that both sections appear to
 conflict with section 13-6-310(1), C.R.S. (2024)[,] and
 [a]rticle VI, [s]ection 17 of the Colorado
 Constitution.
 
 
 [2] The anti-SLAPP statute safeguards
 speech against those who attempt to use litigation to chill
 expressive activity. Lind-Barnett v. Tender Care
 Veterinary Ctr., Inc., 2025 CO 62, ¶ 1, 580 P.3d
 573, 574-75. A defendant may claim protection under the
 anti-SLAPP statute by filing "a special motion to
 dismiss in the very early stages of litigation."
 Id. at ¶ 2, 580 P.3d at 575. If a defendant
 filing a special motion to dismiss can show "that the
 [plaintiff's] claim arises from the defendant's
 exercise of their right of petition or free speech[,] [t]hen
 the burden shifts 'to the plaintiff to demonstrate a
 "reasonable likelihood that [they] will prevail on the
 claim."'" Id. (citations omitted)
 (quoting Rosenblum v. Budd, 2023 COA 72, ¶ 24,
 538 P.3d 354, 362); see also §
 13-20-1101(3)(a). If the plaintiff is unable to meet their
 burden, "the case is dismissed."
 Lind-Barnett, ¶ 2, 580 P.3d at 575. To survive
 a special motion to dismiss "when a defendant's
 allegedly defamatory statements involve a matter of public
 concern, the plaintiff must . . . prove, among other things,
 that the defendant 'published the statements with actual
 malice, instead of mere negligence.'" Id.
 at ¶ 42, 580 P.3d at 583 (quoting Coomer v. Salem
 Media of Colo., Inc., 2025 COA 2, ¶ 23, 565 P.3d
 1133, 1143).
 
 
 ---------